IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**TINA M. ADAM**,

                Plaintiff,

vs.                                          Hon.
                                           Case No. 18-

**METROPOLITAN LIFE INSURANCE COMPANY**,
a New York company.

                Defendant.

_____/

**COMPLAINT**

Plaintiff, TINA M. ADAM, through her attorneys, ILANA S. WILENKIN and FELDHEIM & WILENKIN, P.C., complains against the above-named Defendant as follows:

**I.    Jurisdiction and Venue**

1)    This Court's jurisdiction exists under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically, 29 U.S.C. §§ 1132(e)(1) and 1132(f), which provisions grant this Court the jurisdiction to hear civil actions to recover benefits due under the terms of an employee welfare benefit plan.

2)    The subject welfare benefit plan consists of a long-term disability insurance plan and life insurance plan, which, upon information and belief, is sponsored by Do-All, Inc. and underwritten and administered by Defendant Metropolitan Life Insurance Company ("MetLife") for the benefit of Do-All, Inc. employees.

3)    29 U.S.C. § 1133 provides a mechanism for the administrative or internal appeal of benefit denials. Plaintiff ("Mrs. Adam") has either exhausted all of her appeals

or has been denied access to a meaningful and/or full and fair pre-suit appellate review. This matter is ripe for juridical review.

4)   Pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391, venue is proper in the Eastern District of Michigan.

## II.   Nature of Action

5)   This is a claim seeking disability income benefits pursuant to a long-term disability income benefit plan, which is sponsored by Do-All, Inc. and underwritten and administered by MetLife.  The Do-All, Inc. Disability Plan ("the Plan") was intended to provide long-term disability income benefits to Do-All, Inc. employees, including Mrs. Adam.  If applicable, Mrs. Adam also seeks ongoing life insurance coverage pursuant to a waiver of premium due to disability.  This action is brought pursuant to § 502(a)(1)(B) of ERISA - 29 U.S.C. § 1132(a)(1)(B).

## III.   The Parties

6)   Mrs. Adam is 48 years-of-age.  She was, and continues to remain, a resident of the Village of Sebewaing, Huron County, Michigan.

7)   MetLife is a foreign insurance company doing business within Michigan and has designated The Corporation Company, 40600 Ann Arbor Rd., E., Suite 201, Plymouth, MI 48170-4675, 734-983-9042, to act as its resident agent for service of process.

8)   During all relevant times, the Plan and life insurance plan constituted an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1), and, incidental to her employment, Mrs. Adam received coverage under the Plan as a "participant," as

defined by 29 U.S.C. § 1002(7).  This claim relates to benefits due under the above-described Plan.

### IV.   Factual Statement/Medical Information

9) Mrs. Adam began working for Do-All, Inc. on or about March 29, 2007 as a Director of Employment Services.

10) Mrs. Adam stopped working on or about April 26, 2017 due to post-traumatic stress disorder, bipolar disorder, acute stress reaction, generalized anxiety disorder, major depressive disorder, and attendant symptoms that caused overall functional impairment.

11) Mrs. Adam received vacation pay beginning April 26, 2017 through approximately May 10, 2017.

12) As an insured employee under the Plan, Mrs. Adam applied to MetLife/Do-All, Inc. to begin receiving long-term disability benefits and provided medical evidence supporting history of child-young adult abuse, mental health complaints, mental health treatment, and supportive medical and mental health opinions.

13) On July 7, 2017, MetLife denied Mrs. Adam's claim:

> In conclusion, the medical documentation does not provide sufficient evidence that you are incapable of performing activities requiring attention and focus, meeting deadlines. managing lime or controlling emotions.  The medical documentation does not indicate how your symptoms would lead to debilitating functional impairments or !Imitations that would prevent you from functioning at work due to a mental disorder.  The medical information provided does not support a disability throughout the 30 day [sic] Elimination Period or beyond.  Therefore, you do not

meet the definition of disability, and your claim for LTD benefits is declined effective May 12, 2017.

14) Mrs. Adam appealed MetLife's decision without the assistance of legal counsel and provided MetLife with updated medical records and opinions, such as:

**Teri Rosa-Southworth, MA, LPC**

Despite being diligent in following up with her mental and physical health care Tina continues to struggle with significant, debilitating symptoms. What she describes experiencing currently / and over this quarter and not compatible with maintaining employment at this time.

**Sheryl Hasegawa, D.O. (primary)**

Given the type of work {Mrs. Adam] does, it was felt her difficulties with concentration and some judgment impairment likely, that she should remain off work. Patient was told need to continue with her counselor. She was scheduled for a sleep study due to some concerns raised on that visit and it was felt she should be able to return to work around 6-5-17. She continued to be very anxious and emotional and so off work extended until her recheck 6-26-17 visit. As of this date, I do not have any correspondence from her counselor and I think it may be good for you to see about getting those records as well.

15) On October 26, 2017 MetLife denied Mrs. Adam's claim appeal, in part noting as follows:

On October 2, 2017, the Psychiatry IPC spoke with Dr. Hasegawa who stated that she had to follow you, as it takes a while to see a psychiatrist in your area, and you were having panic over work and felt traumatized by the way things happened there. Dr. Hasegawa advised the IPC that in the past, you seemed "normal and controlled", but then you were destabilized and she wondered about bipolar disorder, as at one visit you appeared manic. Dr. Hasegawa also advised the IPC that at the onset, there is no way you could have handled work, you were very scattered and reported headaches. The IPC asked Dr. Hasegawa for how long you should have been off work due to the anxiety, with the assumption that it is a job that you wanted to return to, and Dr.

4

> Hasegawa estimated 1-2 months, if it was a job that you liked. The IPC and Dr. Hasegawa reviewed some of the data, and it was reported that you were still disorganized on June 26, 2017 and on July 19, 2017 you were highly somatic: agitated and tearful and did feel better by August.
>
> On October 2, 2017, the **IPC spoke with Dr. Nagarkar who stated that he had seen you once with many severe symptoms. Dr. Nagarkar indicated to the IPC that based on that, it would appear that you would have a difficult time functioning**, and he would have no way of knowing if you were exaggerating.
>
> \* \* \*
>
> We have considered your request for an appeal review and your explanation of your condition and treatment, in support of your appeal. Your entire file was reviewed by an IPC Board Certified in Psychiatry, who opined functional limitations are not supported by the data as of April 121 2017; as you experienced a work incident where you were unexpectedly blamed and targeted when you thought you were acting rightfully. **The IPC stated that to support psychiatric limitations, the evaluation should demonstrate the development of a severe and impairing psychiatric condition** based on detailed and specific psychiatric data.
>
> \* \* \*
>
> [Y]our file failed to support a functional impairment due to any physical and/or psychiatric condition. Therefore, we have determined you did not meet the Plan's definition of Disability, and the decision to deny LTD benefits was appropriate. (Emphasis added)

16) MetLife's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

17) Because valid, objective, and well-supported proofs establish Mrs. Adam's disability within the Plan's terms beginning on or about May 12, 2017, Mrs. Adam is entitled to receive said benefits retroactive to that date. Additionally, and only

5

if applicable, Mrs. Adam is entitled to restoration of her life insurance coverage under a waiver of premium.

**WHEREFORE**, based upon the preceding reasons, Plaintiff prays for the following relief:

- A) That this Court enter judgment in Mrs. Adam's favor against MetLife and order the immediate payment of Mrs. Adam's disability income and other employee benefits, including group life insurance policy, retroactive to the date that benefits were denied;

- B) that this Court order MetLife to pay Mrs. Adam post-judgment interest on all accrued benefits in accordance with M.C.L. § 600.6013 and 600.6455;

- C) that this Court order MetLife to continue paying Mrs. Adam's benefits, provided that she continues to meet the Plan's terms and conditions for the receipt of benefits;

- D) that this Court award attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

- E) that Mrs. Adam recover all relief to which she may be entitled, along with the costs of litigation.

Respectfully submitted:

**FELDHEIM & WILENKIN, P.C.**

By: s/Ilana S. Wilenkin
Ilana S. Wilenkin (P61710)
Plaintiff's attorney
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334-3255
(248) 932-3505; Fax (248) 932-1734
ilana@lawsmf.com

Dated:  January 8, 2018